IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BOBBIE E. DANZIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-113 |
| | ) | |
| JOHN M. MCHUGH, Secretary, | ) | |
| Department of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned employment discrimination case *pro se*. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*).

I.  SCREENING OF THE AMENDED COMPLAINT

A.   BACKGROUND

The Court previously reviewed Plaintiff's original complaint, identified pleading deficiencies, and directed Plaintiff to file an amended complaint. (Doc. no. 3.) In that prior Order, the Court explained that Plaintiff could not proceed in this case simply by attaching administrative decisions to his complaint regarding discrimination claims considered by the Merit Systems Protection Board and rejected for review by the Equal Employment Opportunity Commission. The Court specifically noted, "Plaintiff does not

explain what type of discrimination allegedly occurred, why he falls within any protected class, how he was discriminated against, or why he believes the administrative decision was erroneous." (Id. at 3.) The Court instructed, "Plaintiff must allege the facts and claims he seeks to raise in the above-captioned case in a separate statement of his claim, and he may not rely on an attached exhibit to do so." (Id.) Later, the Court again cautioned Plaintiff that he could attach exhibits to his complaint, but "he shall not incorporate them by reference as a means of providing the factual basis for his complaint. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint." (Id. at 4.)

> Plaintiff responded with a two paragraph statement of claim that reads as follows:
>
> Maj. Patrica Nance (Bde. S4) initiated PIP [Performance Improvement Plan] which le[d] to my termination. She also had documentation in her possession documenting medical problems, e.g., sleep apnea, A-FIB (irregular heart beat) and high blood pressure, yet she pursu[e]d termination without consideration of a transfer (probationary period).
>
> Ltc. Timothy Bane (Deputy Commander) official approved the termination action w/o reviewing information (doctors) statement. The doctors statement had it been reviewed by Ltc. Banes proved/substantiated by rebut.

(Doc. no. 4, p. 4). Plaintiff also attached nineteen pages of exhibits to his complaint, without reference or comment as to any potential relevance to his claims. Plaintiff seeks reinstatement to the position from which he was terminated or to a job at an equivalent pay grade, back pay from the date he was terminated, payment for unspecified "comp time," and legal fees. (Id.)

2

B. **DISCUSSION**

1. **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked

assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Complaint Should Be Dismissed for Failure to Comply with the Court's Prior Order.

As described above, the Court ordered Plaintiff to file an amended complaint and provided specific instructions on how to do so. (See doc. no. 3.) In particular, he was cautioned that he must allege the facts of his claim and could not rely on attached exhibits. (Id. at 3.) The Court stressed the importance of Plaintiff's compliance, warning him that failure to comply would result in dismissal of this case without prejudice. (Id. at 5.) Nevertheless, Plaintiff has not provided the Court with a statement of facts supporting any particular type of claim of discrimination.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43

(1991)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] (*per curiam*) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc, 556 F.3d at 1240 (citing Fed. R. Civ. P. 41(b)); see also Rance v. Rocksolid Granit USA, Inc., 489 F. App'x 314, 316 (11th Cir. 2012) (*per curiam*) ("As part of its inherent authority to regulate its docket, a district court may *sua sponte* dismiss a case for failure to prosecute or failure to comply with court orders.") Moreover, the Local Rules of the Southern District of Georgia provide that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal pursuant to Rule 41(b) is proper where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 656 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, contrary to the Court's prior instructions, Plaintiff completely fails to provide the details of any alleged discrimination in his statement of claim and attached, without reference in his amended complaint, nineteen pages of exhibits. Thus, Plaintiff's case is subject to dismissal for failure to comply with the Court's prior Order. Moreover,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

as discussed in the next section, this failure to provide necessary details is fatal to any discrimination claim Plaintiff believes he may have.

### 3. Plaintiff's Complaint Should Be Dismissed for Failure to State A Claim Upon Which Relief Can Be Granted.

As explained above, Plaintiff fails to provide any facts describing what type of discrimination he is attempting to allege. Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, and liberally construing the two-paragraph statement of claim, the Court can discern only that Plaintiff was terminated from an unidentified job after an unsuccessful attempt at compliance with a Performance Improvement Plan. He disagrees with the termination decision and believes that the recommendation for termination, as well as the review by a deputy commander, was improper because he suffered from sleep apnea, an irregular heartbeat, and high blood pressure. Even if the Court were to assume that Plaintiff intended to suggest that he was unfairly terminated based on a medical disability, Plaintiff fails to state a claim upon which relief can be granted.

Under the Rehabilitation Act, 29 U.S.C. § 794(a), a federal agency may not discriminate against an otherwise qualified individual with a disability. The three elements of a Rehabilitation Act claim are that: "(1) an individual has a disability; (2) the individual is otherwise qualified for the position; and (3) the individual was subjected to unlawful discrimination as the result of his disability." Curry v. Sec'y, Dep't of Veterans Affairs, 518 F. App'x 957, 963 (11th Cir. 2013) (*per curiam*). An individual with a disability is defined as a person who: "(1) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an

impairment; or (iii) is regarded as having such an impairment." Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000) (citing 29 U.S.C. § 705(20)(B)).[2]

Here, Plaintiff's allegations are wholly insufficient. Aside from the issue that Plaintiff has not identified the type of discrimination he is alleging, his bare bones statement of claim lacks the most basic of information about his job, any effects of his medical conditions on his job performance, and the circumstances under which he was terminated. For example, even if the Court were to assume that Plaintiff's listed medical conditions qualified him as disabled under the law, Plaintiff has not explained what his job was, let alone alleged that despite his medical conditions, he was otherwise qualified for the position. Nor does he say why he was put on a Performance Improvement Plan, what he was required to do under the Plan, or otherwise suggest that he had satisfied the requirements of that Plan but was still terminated because of his disability.

In sum, the Court may not act as Plaintiff's *de facto* counsel, rewrite his deficient pleading, or presume what his intended discrimination claims may be. See Butler v. Broward Cnty. Cent. Examining Bd., 367 F. App'x 991, 992 (11th Cir. 2010) (*per curiam*). Because, even after having an opportunity to amend his complaint, Plaintiff fails to provide details about the type of discrimination for which he seeks relief, as well as fails to provide any details about his position, impact of any medical disability on his job performance, and

---

[2] The standards for evaluating whether actionable discrimination has occurred under the Rehabilitation Act is determined by using the same standards set forth in the Americans with Disabilities Act ("ADA"). Mullins, 228 F.3d at 1313 n.15 (citing 29 U.S.C. § 791(g)); see also Wood v. Green, 323 F.3d 1309, 1312 (11th Cir. 2003) (setting forth same three elements for an ADA claim).

the circumstances of his termination, he does not state a claim upon which relief can be granted.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** because it fails to state a claim upon which relief can be granted and because Plaintiff failed to comply with the Court's prior order regarding amending his complaint, and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of August, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA